UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LESLIE WEHMEYER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> KATI ELIZABETH TIKKANEN, a Florida resident, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Leslie Wehmeyer ("Plaintiff Wehmeyer" or "Wehmeyer") brings this Class Action Complaint and Demand for Jury Trial against Defendant Kati Elizabeth Tikkanen ("Defendant Tikkanen" or "Tikkanen") to stop the Defendant from violating the Telephone Consumer Protection Act by placing text messages to telephone numbers registered on the Do Not Call Registry without consent. The Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Wehmeyer, for this Complaint, allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by her attorneys.

## PARTIES

1. Plaintiff Wehmeyer is a resident of Mora, Missouri.

2. Defendant Tikkanen is a resident of Wellington, Florida who conducts business throughout this District and Missouri.

## JURISDICTION AND VENUE

1

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the unlawful conduct giving rise to this case was directed from this District by the Defendant to solicit business to consumers outside this District.

5. The venue is proper under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

**INTRODUCTION**

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164.0 million per day. www.robocallindex.com (last visited June 22, 2023).

12. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

15. Defendant Tikkanen is a licensed health insurance agent who does business from Florida throughout the U.S.[3]

16. Defendant Tikkanen uses unsolicited text messaging as a way to generate business for herself.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://licenseesearch.uid.utah.gov/s/agent?id=2071208

17. Tikkanen hides her full name and the name when sending unsolicited text messages, as per the text messages that Plaintiff received, in order to avoid being identified:



18. In response to these unsolicited text messages, the Plaintiff brings this case seeking injunctive relief requiring Defendant Tikkanen to cease from violating the Telephone Consumer Protection Act by sending unsolicited text messages to phone number registered on the DNC, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF WEHMEYER'S ALLEGATIONS**

19. Plaintiff Wehmeyer is the subscriber and the sole user of the cell phone number ending with 1369.

20. Plaintiff Wehmeyer registered her cell phone on the DNC on March 29, 2007 and she uses it as one would use a residential landline.

21. Plaintiff Wehmeyer has owned her cell phone number for approximately 17 years.

22. On March 4, 2023 at 5:41 PM, Plaintiff Wehmeyer received an unsolicited text message to her cell phone from an insurance agent to her cell phone from 440-276-9140.

23. She then received a 2nd unsolicited text message from this agent on March 5, 2023 at 9:02 AM.

24. In response, Plaintiff texted "Discontinue" as per the instructions provided in the March 4 text on March 6, 2023 at 11:16 AM:



25. This 440-276-9140 phone number which sent out the text messages to the Plaintiff belongs to Defendant Kati Elizabeth Tikkanen.[4]

---

[4] From an email received by Plaintiff's attorneys during an investigation to find out who 440-276-9140 belongs to

26. The unauthorized solicitations that Plaintiff Wehmeyer received from Defendant, as alleged herein, have harmed Plaintiff Wehmeyer in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of their phones, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Wehmeyer, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Wehmeyer brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of the Defendant, called/texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason that Defendant called/texted Plaintiff.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Wehmeyer anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and the

Plaintiff is a member of the Class because she received text messages as part of the same telemarketing campaign resulting in text messages sent to other Class members.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct violated the TCPA;

(b) whether Defendant placed multiple calls/texts to Plaintiff and members of the DNC class without first obtaining consent to make the calls/texts;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff Wehmeyer will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in class actions. Plaintiff Wehmeyer has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff Wehmeyer, and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Wehmeyer, nor her counsel have any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Wehmeyer. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Wehmeyer and the Do Not Call Registry Class)**

34. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wehmeyer, individually and on behalf of the Class, pray for the following relief:

   a.) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Wehmeyer as the representative of the Class; and appointing her attorneys as Class Counsel;

   b.) An award of actual and/or statutory damages and costs;

   c.) An order declaring that Defendant's actions, as set out above, violate the TCPA;

   d.) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

   e.) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wehmeyer requests a jury trial.

DATED this 9th day of July, 2023.

**LESLIE WEHMEYER**, individually, and on behalf of all others similarly situated,

By: /s/ Stefan Coleman
Stefan Coleman
COLEMAN PLLC
66 West Flagler Sreet
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*