**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO. 9:23-cv-81010-XXXX-DMM**

LESLIE WEHMEYER, individually and
On behalf of all others similarly situated,

Plaintiff,

v.

KATI ELIZABETH TIKKANEN, a Florida
resident,

Defendant.
___________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant KATI ELIZABETH TIKKANEN ("Defendant" or "Tikkanen"), by and through undersigned counsel, hereby files her Answer and Affirmative Defenses in response to Plaintiff's Class Action Complaint [DE 1].

Defendant denies the allegations contained in the unnumbered introductory paragraph on page 1 of the Complaint.

**Parties**

1. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and therefore denies same.

2. Defendant admits that she is a resident of Florida. Defendant denies the remaining allegations contained in Paragraph 2.

**Jurisdiction and Venue**

3. Admitted.

4. Denied.

5. Admitted.

**Introduction**

6. The statements in Paragraph 6 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 6.

7. The statements in Paragraph 7 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 7.

8. The statements in Paragraph 8 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 8.

9. The statements in Paragraph 9 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 9.

10. The statements in Paragraph 10 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 10.

11. The statements in Paragraph 11 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 11.

12. The statements in Paragraph 12 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 12.

13. The statements in Paragraph 13 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 13.

14. The statements in Paragraph 14 are not allegations of fact and thus no response is required. To the extent a response is deemed required, Defendant denies Paragraph 14.

**Common Allegations**

15. Defendant admits that she is a licensed health insurance agent. Defendant denies the remaining allegations contained in Paragraph 15.

16. Denied.

17. Denied.

18. Defendant admits only that Plaintiff purports to bring a claim for violation of the Telephone Consumer Protection Act ("TCPA"). Defendant denies the remaining allegations contained in Paragraph 18.

**Plaintiff Wehmeyer's Allegations**

19. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies same.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore denies same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore denies same.

22. Defendant admits that a text message was sent from telephone number ending 9140 to telephone number ending 1369 on or about March 4, 2023. Defendant denies the remaining allegations contained in Paragraph 22.

23. Defendant admits that a text message was sent from telephone number ending 9140 to telephone number ending 1369 on or about March 5, 2023. Defendant denies the remaining allegations contained in Paragraph 23.

24. Defendant admits that a response text message was sent from telephone number ending 1369 to telephone number ending 9140 on or about March 6, 2023. Defendant denies the remaining allegations contained in Paragraph 24.

25. Defendant admits that telephone number ending 9140 is her number. Defendant denies the remaining allegations contained in Paragraph 25.

26. Denied.

27. Defendant admits only that Plaintiff purports to bring suit under the TCPA. Defendant denies the remaining allegations contained in Paragraph 27.

**Class Allegations**

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**FIRST CLAIM FOR RELIEF**

34. This allegation states that Plaintiff repeats and realleges the allegations of prior paragraphs of the Complaint. To the extent a response is required, Defendant incorporates its above responses to each of the listed paragraphs.

35. Defendant admits only that the TCPA implementing regulations address the subjects asserted in Paragraph 35. Defendant states that such regulations speak for themselves and thus Plaintiff's characterizations of same are denied.

36. Defendant admits only that the TCPA addresses the subjects asserted in Paragraph 36. Defendant states that the TCPA speaks for itself and thus Plaintiff's characterizations of same are denied.

37. Denied.

38. Denied.

39. Denied.

## PRAYER FOR RELIEF

These allegations in paragraphs (a)-(e) purport to describe Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs (a)-(e) and further denies that any relief should be granted to Plaintiff or the purported class.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the TCPA claim at issue against Defendant because she did not suffer any injury-in-fact that was concrete and particularized.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Defendant acting in good faith and in no way engaged in knowing or willful misconduct. The text messages referenced in the Complaint were sent to an individual who consented to be contacted and who provided the phone number to which the text messages were sent.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and the purported cause of action set forth therein, is barred by the TCPA's "Safe Harbor" provisions. *See* 47 U.S.C. § 227(c)(5)(C).

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed class are barred, in whole or in part, by the doctrine of consent. Plaintiff and members of the proposed class consented to receive calls.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed class may be barred by the applicable statute of limitations to the extent any alleged telephone call or text message was initiated more than four (4) years prior to the date of filing of the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's claims are barred in whole or in part to the extent they were caused by themselves, their agents or intervening or superseding causes or circumstances, or by third parties that Defendant does not control or for whom Defendant is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's claims are barred in whole or in part to the extent Plaintiff and the putative class members had established business relationships with Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Any purported damage, loss or liability must be reduced or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant under the doctrines of equitable allocation, recoupment, set-off, proportionate responsibility or comparative fault.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members waived, ratified, are estopped or barred from obtaining any relief because they accepted, invited, consented or agreed to the purported calls and their alleged losses and damages were proximately caused by their own actions or omissions, including but not limited to consenting, or otherwise inviting calls to their phone number, or by the actions or omissions of third parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and the purported cause of action set forth therein, is barred because she cannot satisfy any or all of the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure because, among other reasons, Plaintiff cannot identify an ascertainable class and, even if she could, cannot demonstrate numerosity, commonality or typicality because questions of fact relating to each individual proposed class member predominate over the questions relating to the class, including, but not limited to: (a) whether each proposed class member has individual standing; (b) whether each proposed class member consented to be called; (c) whether an established business relationship exists between each proposed class member and Defendant; and (d) whether each proposed class member is a residential telephone subscriber.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed class are barred, in whole or in part, because the telephone calls allegedly made were not unsolicited advertisements or telemarketing calls within the meaning of the TCPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed class for treble damages are barred because Defendants did not engage in knowing or willful misconduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the proposed class are barred to the extent that any call or text was placed to a telephone number that was not a residential line, or that was shared by, assumed by, or otherwise associated with a person or business who had consented to receive calls from Defendant, or who was not the subscriber of the telephone number called.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. Even if it did, which it does not, any such claim would be barred because Defendant did not authorize any individual or entity to make any alleged telephone call(s) in violation of the TCPA, did not control the manner and means by which the alleged telephone calls were made, and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff and the proposed class seek to hold Defendant liable under the TCPA for telephone calls or text messages she did not make, the TCPA does not provide for any such liability, including but not limited to, strict "on behalf of" liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiff are barred by Plaintiffs' failure to mitigate its injuries or damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and the proposed class members' claims are barred because the imposition on Defendant of statutory damages and/or exemplary/punitive damages under the TCPA would violate Due Process.

## TWENTIETH AFFIRMATIVE DEFENSE

Claims of the putative class members are barred by their agreements to arbitrate all of their claims against Defendant, and they waived their right to bring or participate in a class action for their claims against Defendant.

Dated: August 21, 2023.

Respectfully submitted,

**ATHERTON GALARDI MULLEN & REEDER PLLC**
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: (561) 293-2530
Facsimile: (561) 293-2593

By: */s/ Terence M. Mullen*
SCOTT W. ATHERTON
Florida Bar No. 749591
TERENCE M. MULLEN
Florida Bar No. 191957
E-mail: scott@athertonlg.com
terence@athertonlg.com
tracey@athertonlg.com
e-service@athertonlg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of August, 2023, I electronically filed the forgoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the below Service List.

By: */s/ Terence M. Mullen*
TERENCE M. MULLEN
Florida Bar No. 191957

## SERVICE LIST

Avi R. Kaufman, Esq.
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Tel.: (305) 469-5881
kaufman@kaufmanpa.com
*Counsel for Plaintiff Leslie Wehmeyer*

Stefan Louis Coleman, Esq.
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel.: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com
*Counsel for Plaintiff Leslie Wehmeyer*