UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LESLIE WEHMEYER, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>KATI ELIZABETH TIKKANEN, a Florida resident, and USHEALTH ADVISORS, LLC, a Texas company,<br><br>*Defendants.* | No. 9:23-cv-81010-DMM<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND STAY THE CASE PENDING USHEALTH ADVISORS' APPEARANCE**

Plaintiff Leslie Wehmeyer moves for leave to amend the complaint to add as a defendant USHealth Advisors, LLC, the company that is vicariously liable for Defendant Tikkanen's text messages to Plaintiff in violation of the Telephone Consumer Protection Act.[1]

"There are three federal rules of civil procedure applicable to Plaintiff's Motion.

"First, where a party seeks leave to amend after a scheduling order deadline has passed that party must first demonstrate good cause under Fed. R. Civ. P. 16(b). The Scheduling Order may be modified only upon a showing of 'good cause.' Fed. R. Civ. P. 16(b)(4). 'This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). If Plaintiff can establish good cause under Rule 16, then it must still overcome Rules 15 and 20.

[1] A copy of Plaintiff's proposed amended complaint is attached as Exhibit 1.

"Second, under Rule 15, a party may amend its pleadings as a matter of right if (1) it is done within 21 days of serving the pleadings or (2) 'if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.' Fed. R. Civ. P. 15(1)(A)-(B). Otherwise, a party requires the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). 'The court should freely give leave when justice so requires.' *Id*. Notwithstanding, the Supreme Court has held that it is well within the discretion of the district court to deny leave to amend if any of the following, non-exhaustive, circumstances exist: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

"And third, Rule 20 permits joinder of defendants if 'any question of law or fact common to all defendants will arise in the action.' Fed. R. Civ. P. 20(2)(B)." *Ridge Point Capital, Ltd. Liab. Co. v. Zecevic*, No. 22-81449-CV-MIDDLEBROOKS, 2023 U.S. Dist. LEXIS 78396, at *1-3 (S.D. Fla. Feb. 3, 2023).

Here, all three federal rules are satisfied.

*First*, Rule 16 is satisfied because this amendment is based on the testimony of Defendant Tikkanen during her deposition in this action on October 18, 2023, which revealed information regarding USHealth Advisors' potential vicarious liability for the text messages to Plaintiff that was not available to Plaintiff prior to the deposition. And Plaintiff has been diligent in seeking this information.

Specifically, the complaint in this action was filed on July 9, 2023. Defendant Tikkanen responded to the complaint on August 21, 2023. On September 6, 2023, Plaintiff served written discovery on Tikkanen. On September 14, 2023, Tikkanen informally produced documents relating to her obtaining the Plaintiff's telephone number. On September 18, 2023, after reviewing Tikkanen's self serving, informal production, Plaintiff requested to depose Defendant Tikkanen. Between that date and October 9, 2023, Plaintiff's counsel made repeated requests to coordinate Tikkanen's deposition by email and telephone, but Tikkanen's counsel failed and refused to provide deposition dates until October 9, 2023, resulting in the scheduling of Tikkanen's deposition for October 18, 2023. In the interim, on October 6, 2023, Tikkanen served responses to discovery which did not identify in any way USHealth Advisors or its role in the text messages Tikkanen sent to the Plaintiff (and were otherwise inadequate). On October 18, 2023, Plaintiff deposed Tikkanen and obtained the information supporting the joinder of USHealth as a prospectively vicariously liable defendant in this action.

*Second*, Rule 15 is satisfied because leave to amend should be freely granted as the TCPA provides for the potential vicarious liability of a company that actually authorizes, apparently authorizes, or ratifies another's illegal telemarketing calls. *E.g., Klein v. Just Energy Grp., Inc.*, No. 14-1050, 2016 U.S. Dist. LEXIS 84447, at *27 (W.D. Pa. June 29, 2016) (citing *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016): "[A] party may be liable under the TCPA in accordance with tort-related vicarious liability rules," including actual authority, apparent authority, and ratification principles.); *see also In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6588 (F.C.C. 2013).

*And third*, Rule 20 is satisfied because USHealth Advisors is prospectively vicariously liable to Plaintiff and the putative class based on Tikkanen's conduct. "[A] defendant may be joined in an action where 'any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.' Fed. R. Civ. P. 20(a)(2)(A)." *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs.*, No. 3:09-cv-01098, 2010 U.S. Dist. LEXIS 103795, at *10 (M.D. Tenn. Sep. 28, 2010) ("Joinder of the proposed additional defendant, Emerson Radio Corp., appears to be proper based upon the allegations of its vicarious liability"). Here, joinder of proposed defendant USHealth Advisors is proposed based on its prospective vicarious liability.

The Court should therefore grant Plaintiff Wehmeyer leave to amend to add USHealth Advisors as a defendant.

Additionally, given the prospective joinder of USHealth Advisors as a defendant, Plaintiff also requests that the Court exercise its discretion to stay all pending deadlines pending the appearance of at USHealth in the action. *Dassum v. U.S. AG*, No. 1:20-cv-23613-UU, 2021 U.S. Dist. LEXIS 260269, at *2 (S.D. Fla. Mar. 24, 2021) ("It is well-established that a district court has the authority to stay proceedings."). It would be an inefficient use of judicial resources and unfair to Plaintiff to require her to seek class certification or otherwise advance the case prior to the appearance of USHealth Advisors who is prospectively liable to Plaintiff and the proposed class. *See id.* at *3 ("'District courts have typically weighed the following factors in deciding whether a stay is appropriate: (1) the stage of the litigation; (2) undue prejudice to the nonmoving party; and (3) simplification of the issues in question.'"). Moreover, Tikkanen will not be prejudiced by a brief stay pending USHealth Advisors' appearance as this case is still in

its earliest stages. In fact, Tikkanen did not serve any discovery on Plaintiff until October 10, 2023.

As a result the Court should stay the case pending the entry of a new schedule upon USHealth Advisors' appearance in the action.

***

For the foregoing reasons, the Court should grant Plaintiff leave to amend the complaint to add USHealth Advisors as a defendant and briefly stay the case.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Plaintiff has conferred with counsel for Defendant Tikkanen regarding the relief requested by this motion by email and telephone. Defendant Tikkanen opposes the requested relief.

DATED this 19th day of October, 2023.

*/s/ Avi R. Kaufman*
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
COLEMAN PLLC
66 West Flagler Sreet
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

*Attorneys for Plaintiff and the putative Class*